IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| LANDSTAR RANGER, INC., ) | |
| ) | |
|   Plaintiff, ) | |
| ) | Case No. 3:22-cv-00782 |
| v. ) | |
| ) | Judge Aleta A. Trauger |
| AVIATOR SUPPLY CHAIN ) | |
| SOLUTIONS, INC., ) | |
| ) | |
|   Defendant. ) | |

## DENIAL OF PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT

Pending is Plaintiff's Motion Entry of Default against Defendant Aviator Supply Chain Solutions, Inc. ("Aviator Supply") pursuant to Federal Rule of Civil Procedure 55(a) and Local Rule 55.01. (Doc. No. 15). For the following reasons, Plaintiff's Motion is **DENIED** without prejudice.

**I.      Procedural History**

Plaintiff filed this action on October 4, 2022. (Doc. No. 1). In its Complaint, Plaintiff states that Aviator Supply is a Tennessee corporation whose agent for service of process is United States Corporation Agents, Inc. ("USCAI"). *Id.* at ¶¶ 3 and 4. Summons was issued as to Aviator Supply on October 19, 2022, in care of USCAI. (Doc. No. 9). On October 21, 2022, alias Summons was issued as to Aviator Supply, as follows:

>Aviator Supply Chain Solutions, Inc.
>Serve: Evilsizor Process Servers, LLC
>C/O: Sharon Lee's Fuel Tax Services, LLC
>1726 Carroll Road
>Morristown, TN 37813

1

(Doc. No. 11). On October 27, 2022, the alias Summons and Proof of Service Declaration were returned. (Doc. No. 12). The Proof of Service Declaration, signed by process server, Richard Cheal, states, "I served the summons on Sharon Lee's Fuel Tax Services Katrina Gibson, who is designated by law to accept service on behalf of Evilsizor Process Servers, LLC on 10-24-22." (Doc. No. 12 at PageID # 32).

Plaintiff filed the pending Motion for Entry of Default on November 16, 2022. (Doc. No. 15). In support of its Motion, Plaintiff filed the Declaration of John T. Husk. (Doc. No. 15-1).

## II.  Analysis

Pursuant to Local Rule 55.01, motions for entry of default as to corporate entities under Fed. R. Civ. P. 55(a) must be accompanied by an unsworn declaration under penalty of perjury under 28 U.S.C. § 1746 verifying, among other things, "(i) proof of service" and "(ii) the opposing party's failure to plead or otherwise defend." L.R. 55.01.

Federal Rule of Civil Procedure 4 establishes the procedures for service of process on corporate defendants. When serving a domestic corporation pursuant to Federal law, a copy of the summons and complaint may be delivered to "an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant." Fed. R. Civ. P. 4(h)(1)(B).

Additionally, service upon a domestic corporation may be made by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district is located or where service is made." Fed. R. Civ. P. 4(e)(1), *see also* Fed. R. Civ. P. 4(h)(1)(A). When serving a domestic corporation pursuant to Tennessee law, a corporation may be served by delivering a "a copy of the summons and of the complaint to an officer or managing agent thereof, or to the chief agent in the county where in the action is brought, or by delivering

the copies to any other agent authorized by appointment or by law to receive service on behalf of the corporation." Tenn. R. Civ. P. 4.04(4).

In this case the Clerk finds that Plaintiff has failed to verify service of process as required by Local Rule 55.01(i), because it has not provided any information establishing service under Federal Rule 4 or Tennessee 4.04. Specifically, Plaintiff has not provided any information explaining the relationship, if any, between Aviator Supply and Sharon Lee's Fuel Tax Services, Katrina Gibson, or Evilsizor Process Servers, LLC, such that acceptance of service by Katrina Gibson is sufficient to bind Aviator Supply.

As noted above, Plaintiff's Complaint identifies Aviator Supply's registered agent for service of process as being USCAI. An independent review of the Tennessee Secretary of State records confirms that USCAI is, in fact, Aviator Supply's registered agent, although the company's address recently changed.[1] The Proof of Service declaration states that Katrina Gibson is authorized to accept service on behalf of Evilsizor Process Servicers, LLC, but makes no mention of Aviator Supply. (Doc. No. 12 at PageID # 32).

"Due process requires proper service of process for a court to have jurisdiction to adjudicate the rights of the parties, by default or otherwise. Proper service under Rule 4 is therefore a necessary prerequisite to entry of a default or a default judgment." *Ingram Barge Co., LLC v. Musgrove*, No. 3:17-CV-01526, 2019 WL 1226818, at *3 (M.D. Tenn. Mar. 8, 2019), *report and recommendation adopted*, No. 3:17-CV-01526, 2019 WL 1212094 (M.D. Tenn. Mar. 14, 2019) (internal citations omitted). "The burden is on the plaintiff to exercise due diligence to perfect service of process after the filing of the complaint and the burden is also on him to establish that proper service has been made." *Campbell v. United States*, 496 F. Supp. 36, 39 (E.D. Tenn. 1980)

---

[1] https://tnbear.tn.gov/Ecommerce/FilingDetail.aspx?CN=039093181010149094223094242252052130100004224182 (Last accessed Jan. 17, 2023).

3

(internal citations omitted). *See also Jones v. Volkswagen of America, Inc.*, 82 F.R.D. 334, 335 (E.D. Tenn. 1978).

For the reasons stated herein, Plaintiff has not provided information sufficient to verify proof of service as required by Local Rule 55.01(i); therefore, entry of default is inappropriate at this time. Plaintiff's Motion for Entry of Default (Doc. No. 15) is **DENIED** without prejudice.

s/ Lynda M. Hill
Lynda M. Hill
Clerk of Court
