IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| LANDSTAR RANGER, INC., | ) |
| Plaintiff, | ) |
| v. | ) Case No. 3:22-cv-00782 |
| AVIATOR SUPPLY CHAIN SOLUTIONS, INC., | ) Judge Aleta A. Trauger |
| Defendant. | ) |

## ENTRY OF DEFAULT

Pending is Plaintiff's Second Motion Entry of Default against Defendant Aviator Supply Chain Solutions, Inc. ("Aviator Supply") pursuant to Federal Rule of Civil Procedure 55(a) and Local Rule 55.01. (Doc. No. 20). For the following reasons, the Plaintiff's Motion is **GRANTED**.

**I.  Procedural History**

Plaintiff filed this action on October 4, 2022. (Doc. No. 1). On October 21, 2022, alias Summons was issued as to Aviator Supply, as follows:

> Aviator Supply Chain Solutions, Inc.
> Serve: Evilsizor Process Servers, LLC
> C/O: Sharon Lee's Fuel Tax Services, LLC
> 1726 Carroll Road
> Morristown, TN 37813

(Doc. No. 11). On October 27, 2022, the alias Summons and Proof of Service Declaration were returned. (Doc. No. 12). The Proof of Service Declaration, signed by process server, Richard Cheal, states, "I served the summons on Sharon Lee's Fuel Tax Services Katrina Gibson, who is designated by law to accept service on behalf of Evilsizor Process Servers, LLC on 10-24-22." (Doc. No. 12 at PageID # 32). Plaintiff filed its first Motion for Entry of Default on November

1

16, 2022. (Doc. No. 15). In support of the Motion, Plaintiff filed the Declaration of John T. Husk. (Doc. No. 15-1). On January 17, 2023, the Clerk denied without prejudice Plaintiff's Motion for failure adequately verify proof of service as required by Local Rule 55.01(i). (Doc. No. 17). On February 1, 2023, Plaintiff filed the pending Motion along with the Declaration of John T. Husk. (Doc. Nos. 20 and 20-1).

**II.     Analysis**

Pursuant to Local Rule 55.01, motions for entry of default as to corporate entities under Fed. R. Civ. P. 55(a) must be accompanied by an unsworn declaration under penalty of perjury under 28 U.S.C. § 1746 verifying, among other things, "proof of service." L.R. 55.01(i). Federal Rule of Civil Procedure 4 establishes the procedures for service of process on corporate defendants. When serving a domestic corporation pursuant to Federal law, a copy of the summons and complaint may be delivered to "an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant." Fed. R. Civ. P. 4(h)(1)(B).

The Clerk denied Plaintiff's first Motion for Entry of Default because Plaintiff did not explain the relationship, if any, between Aviator Supply and Sharon Lee's Fuel Tax Services, Katrina Gibson, or Evilsizor Process Servers, LLC, such that acceptance of service by a representative of Sharon Lee's Fuel Tax Services is sufficient to bind Aviator Supply. (Doc. No. 17). In support of its Second Motion of Entry of Default, Plaintiff submits the Declaration of John T. Husk, who explains in detail and to the satisfaction of the Clerk the relationship between the parties and that service upon Sharon Lee's Fuel Tax Services is sufficient to bind Aviator Supply. As a result, the Clerk finds that Plaintiff has adequately verified proof of service upon the defendant. (Doc. No. 20-1).

2

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Accordingly, the Plaintiff's Second Motion for Entry of Default against Aviator Supply Chain Solutions, Inc., (Doc. No. 20), is **GRANTED**.

s/ Lynda M. Hill
Lynda M. Hill
Clerk of Court
